Appellants James and Martha Stuller, Tanya and Thomas J. Levering, and Mary and Vince Haldeman appeal a judgment of the Court of Common Pleas of Coshocton County, Ohio, entered in favor of Jeffrey Cottrell. Appellants assign seven errors to the trial court:
 ASSIGNMENTS OF ERROR FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT AWARDED RESTITUTION BASED ON AN EXECUTORY OPTION CONTRACT WHEN THE PURCHASER NEVER TENDERED PERFORMANCE OR PRODUCED EVIDENCE THAT HE WAS READY, WILLING OR ABLE TO PERFORM.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING R.C. § 2329.45.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING RESTITUTION AND IN FAILING TO CONSIDER AND RULE ON APPELLANTS' CLAIM OF LACHES.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FAILING TO CONSIDER AND RULE ON APPELLANTS' CLAIM THAT THE ISSUES REGARDING THE KNOX COUNTY OPTION WERE MOOT.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT THE SETTLEMENT AGREEMENT WAS BREACHED.
 SIXTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FAILING TO SUSTAIN APPELLANTS' CLAIM OF CONSTRUCTIVE TRUST AND/OR SPECIFIC PERFORMANCE.
 SEVENTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT, FOLLOWING THE EXECUTION OF THE SETTLEMENT AGREEMENT, THE CONTROLLING HEIRS GENERALLY ACTED IN DISREGARD OF THE RIGHTS OF NANCY COTTRELL AND ANY CLAIM THAT SHE BREACHED A FIDUCIARY DUTY TO THEM AS EXECUTRIX IS NOT MADE WITH CLEAN HANDS.
This case has a long and torturous history. On May 26, 2000, the trial court made seventy-four findings of fact and fifteen conclusions of law, in support of its six-page judgment entry also filed on May 26, 2000. The trial court found Lucille Stuller died testate on September 4, 1989. At the time of her death, she was 81 years old and in the late stages of cancer. At the time of her death, Lucille Stuller owned approximately 1100 acres of farm land in Coshocton County and 654 acres in Knox County, Ohio.
Lucille Stuller was survived by four children: Nancy Cottrell, James Stuller, Tanya Levering, and Mary Haldeman. Lucille Stuller had fifteen grandchildren, including her daughter Nancy's son, Jeffrey Cottrell. Jeffrey Cottrell started farming when he was fifteen years old, leasing ground from his grandmother. The earliest lease was executed in June of 1983. Jeffrey Cottrell farmed the ground, and borrowed money to buy equipment. When another lessee filed for bankruptcy, Jeffrey Cottrell helped his grandmother find another sublessee. Jeffrey Cottrell had the land in a government program before his grandmother died. No other grandchildren were interested in farming.
At sometime prior to Lucille's death, Nancy Cottrell and her husband owned and operated a sludge business. Lucille Stuller had co-signed Nancy Cottrell's business loan, and pledged the Knox County property as collateral. Nancy Cottrell and her husband defaulted on the loan, filed for bankruptcy in 1987 and were adjudicated bankrupt in 1988. Lucille Stuller's last will was executed in 1989. At the time of her death, Lucille Stuller had co-signed and pledged her farm land on loans totaling in excess of $200,000 on behalf of Nancy and Duane Cottrell.
The record contains a number of leases Lucille Stuller had entered into with Jeffrey Cottrell. Jeffrey Cottrell had built fences and entered into the federal crop programs with the tillable land he leased. Jeffrey Cottrell moved cows onto the pasture portion of the land he had leased from his grandmother. One of the leases, for 338 acres, and another for 200 acres contained options for Jeffrey Cottrell to purchase the land at the appraised value as determined at the time of the Lucille Stuller's death. The 200 acre lease required no rent payments, but required maintenance and improvements to be done by Jeffrey Cottrell. Jeffrey Cottrell and his father Duane Cottrell made the improvements and performed the maintenance. Jeffrey Cottrell later assigned the lease to Nancy Cottrell in exchange for forgiveness of debt of approximately $30,700.
In the 1989 will, Lucille Stuller named Nancy Cottrell as her executrix and forgave all of her children any and all debts. The will gave Nancy Cottrell as the executrix broad powers to sell the real estate by option or otherwise at her discretion, without any court order, and without regard to the necessity to pay debts, taxes or legacies. Lucille Stuller gave each of her four children one-fourth of her estate through the will.
James Stuller, Tanya Levering, and Mary Haldeman, filed a will contest in Knox County Probate Court, in part because of the authority the will gave to the executrix, and also because of the way the real property was devised. Meanwhile, the lender of Duane and Nancy Cottrell's business loan filed a foreclosure action against the estate of Lucille Stuller. Nancy Cottrell, individually and as executrix of the estate of Lucille Stuller, James Stuller, Tanya Levering, and Mary Haldeman entered into a written settlement agreement to redeem the property that was subject to foreclosure. The parties agreed to immediately attempt to sell the Knox County portion of the property, and to defer the sale of the Coshocton County property for five years. The four siblings agreed to manage the Coshocton County property by majority vote, for five years, and then to either equally divide the property amongst the parties or sell it. Since 1990, James Stuller, Tanya Levering, and Mary Haldeman have managed the Coshocton County portion of the property. Nancy Cottrell attended a few meetings but none of her ideas were accepted and eventually she stopped going.
In reliance on the agreement amongst the four heirs, James Stuller, Tanya Levering, and Mary Haldeman dismissed their will contest and withdrew their exceptions to the inventory.
To redeem the property subject to the foreclosure, the parties obtained a loan in the amount of $355,100 in July of 1991. $207,756 went to discharge Nancy and Duane Cottrell's debt and to pay the expenses of the estate.
Pursuant to their management authority, James Stuller, Tanya Levering, and Mary Haldeman attempted in October of 1991, and again in October of 1993 to terminate all the leases with Jeffrey Cottrell. The parties planned to repay the loan they had taken to redeem the Knox County property with rental payments from Jeffrey Cottrell. Jeffrey Cottrell had not participated in the redemption of the property, did not sign the loan agreement, and did not enter into the settlement agreement with the four heirs.
In December of 1991, Jeffrey Cottrell took the position that because of the terms of Lucille Stuller's will, he was no longer obligated to pay rent. In a Knox County action, the Common Pleas Court found Jeffrey Cottrell owed $122,914.75 for rent from 1989 through 1994. Jeffrey Cottrell was unable to obtain any federal conservation reserve money from ASCS, and the ASCS is currently holding crop payments for the years 1994 through 1999. In 1991, Jeffrey Cottrell exercised his option to purchase all the real estate, but the executrix did not disclose this to the other heirs at the time. The other heirs first learned Jeffrey Cottrell had exercised his option in 1994. Jeffrey Cottrell did not file for specific performance, and did not demand a closing. Jeffrey Cottrell did not tender cash or suitable financing to exercise his option. In 1993, James Stuller, Tanya Levering, and Mary Haldeman notified Jeffrey Cottrell the leases in Coshocton County were terminated and Jeffrey Cottrell's back rent was $140,000. James Stuller, Tanya Levering, and Mary Haldeman attempted to remove Nancy Cottrell as executrix because of the mounting difficulties with the options and rent demands. Eventually, Nancy Cottrell resigned as executrix, and in 1992, the Knox County Probate Court appointed another person as executor of the will. The executor with the will attached proceeded against Jeffrey Cottrell to resolve the problems regarding the leases, rental payments, and options.
In May of 1992, the executor, James Stuller, Tanya Levering, and Mary Haldeman, filed a will contest case in Knox County Probate Court. The Probate Court determined the terms of the will did not relieve Jeffrey Cottrell from paying rent, found that the lease extensions executed by Nancy Cottrell in her capacity as executrix of the will was null and void. The probate court did not render a money judgment for past due rent. For this reason, James Stuller filed a complaint in the Knox County Court of Common Pleas for partition and foreclosure both for the Knox County and the Coshocton County real estate. The common pleas court found Jeffrey Cottrell was in default, and rendered judgment against him in the amount of $122,914.75. The court of common pleas judicially terminated the leases for non-payment of rent. The common pleas court declined to partition the property, finding the heirs' settlement agreement precluded partition of the Coshocton County property. The Knox County Court of Common Pleas entered a judgment of partition regarding the property that lay in Knox County. The Knox County property proceeded to sheriff's sale in November of 1995. James Stuller was the successful bidder, and purchased the property for $940,500. Each of the four heirs received a net payment of $115,421 from the sale.
Meanwhile, Jeffrey Cottrell assigned the leases of the Coshocton County property to his mother in consideration for the forgiveness of the debt. The lease included the option to purchase the 200 acres of Coshocton County real estate. The other heirs did not know of the assignment of the lease until Nancy Cottrell served her notice of intent to exercise the option on April 1, 1997.
The matter proceeded again to court for the partition action, on August 23, 1996. In Stuller v. Levering, et al (August 23, 1996), Knox Appellate No. 95CA26, unreported, this court reversed the rulings against Jeffrey Cottrell. This court found Jeffrey Cottrell had taken adequate steps to constitute acceptance of the opportunities available to him by way of the options.
The probate court then inventoried the Knox County property in Lucille Stuller's estate. The portion of the property in Knox County which was subject to Jeffrey Cottrell's option was appraised for $628,812. The sale price at the sheriff's sale was $942,500, so the difference is $313,688.
In addition, after the sheriff's sale in 1996, another lessee paid $64,705 for rent after Jeffrey Cottrell was removed from possession of the property. In our earlier opinion, this court held Jeffrey Cottrell's option to purchase merged with the fee when he elected to exercise the option in 1992, and for this reason, he owed no rent from 1992. The trial court concluded Jeffrey Cottrell owed $17,914.75 in back rent dating before 1992.
The trial court concluded from all the above that Jeffrey Cottrell assigned a valid and existing lease for the 200 acres in Coshocton County to Nancy Cottrell. The court found the assignment was proper in form and supported by consideration. The court found the assignment of the lease also transferred a valid option to Nancy Cottrell to purchase all the acreage in Coshocton County.
Regarding the Knox County land, the trial court found because the land had been sold, the remedy available is provided by R.C. 2329.45. The court found Jeffrey Cottrell was entitled to the difference between the option price and the price that the land actually brought at the sheriff's sale, plus interest at ten percent per annum. The court also found Jeffrey Cottrell was entitled to all outstanding rents and federal crop payments.
The trial court found the settlement agreement the four heirs entered into in December of 1990 was breached because the parties did not sell the Knox County land immediately as they had agreed. The court refused to allow any set offs or amounts paid by the estate towards the mortgage, and the court found James Stuller, Tanya Levering, and Mary Haldeman are not entitled to any damages.
 I
In their first assignment of error, appellants argue the trial court erred when it awarded restitution on the option contract when the purchaser never tendered performance or produced evidence he was ready, willing and able to perform.
In the prior case of Stuller v. Levering (August 23, 1996), Knox Appellate No. 95CA26, this court found appellant had properly exercised his option. That matter is now law of the case, and appellants cannot be heard to argue Jeffrey Cottrell did not exercise his option now.
The first assignment of error is overruled.
 II
In their second assignment of error, appellants argue the trial court erred in applying R.C. 2329.45 to this action.
R.C. 2329.45 provides if a judgment in satisfaction of which lands or tenements are sold, and is later reversed, reversal does not affect the title of the purchaser. Instead, the judgment creditor must make restitution of the purchase price of the land, along with interest from the date of the sale.
Appellants urge a plain reading of the statute indicates R.C. 2329.45
is not applicable, because there was no sale or execution of any land belonging to a judgment creditor. Appellants also argue there is no way to determine the precise amount of restitution because, appellants maintain, there is no way to determine the loss, if any, which Jeffrey Cottrell sustained.
In Bickett v. Garner (1876), 31 Ohio St. 28, the Ohio Supreme Court held:
 When a judgment is reversed, as a general rule the plaintiff in error is entitled to a judgment of restitution for all that he lost by reason of the judgment.
Syllabus by the court.
In the Bickett case, the Supreme Court found the appellant's damages, were easily determined by looking at the sheriff's return on the execution. The court found a judgment of restitution should have been granted when the judgment was reversed.
We agree with the trial court the measures of damages should be the difference between the actual proceeds of the sale of the property and the option price at which Jeffrey Cottrell should have secured the property, plus interest from the date of sale.
The second assignment of error is overruled.
 III
In their third assignment of error, appellants argue the trial court should have considered and ruled on their claim the Doctrine of Laches prevented this judgment. Appellants argue that if Jeffrey Cottrell exercised his option, he should have tendered the purchase price, and he did not do so. Jeffrey Cottrell did not pursue a breach of contract action, or seek specific performance. Appellants argue Jeffrey Cottrell's conduct subsequent to his exercise of the option amounted to a failure to assert his rights and gives rise to Laches.
Jeffrey Cottrell responds he had no obligation to exercise his option in Knox County until December of 1994, because until that time his lease was on-going and he was in possession of the property. By 1994, all parties knew Jeffrey Cottrell wished to exercise his option.
Again, this court has already exhaustively reviewed the issue of Jeffrey Cottrell's option in the prior appeal to this court, see I,supra. Appellants may not now raise the issue of Laches to collaterally attack our earlier, unappealed judgment.
The third assignment of error is overruled.
 IV
In their fourth assignment of error, appellants argue the issues regarding the Knox County option were moot, because the trial court had jurisdiction to partition the property and order it sold. Once the purchase price was paid, the deed was issued, and the sale was confirmed, the matter was settled.
As Jeffrey Cottrell points out in his brief, none of the sales proceeds were applied to the judgment in favor of Cottrell, and the fact that he did not secure a stay of execution against the judgment of sale, does not constitute a waiver regarding whether the sale was proper.
The fourth assignment of error is overruled.
 V
In their fifth assignment of error, appellants argue the trial court was incorrect when it concluded the settlement agreement amongst the four children of Lucille Stuller was breached when they failed to dispose of the Knox County real estate as they had agreed. Appellants argue the agreement was to immediately proceed to attempt to sell the property, not to actually accomplish the sale. Appellants argue the Knox County property could not be sold because of the various leases and options which complicated the title.
The trial court was the fact finder here. The settlement agreement amongst the four siblings required majority rule, and the trial court found the other three heirs generally acted in disregard of the wishes and rights of Nancy Cottrell.
The trier of fact made more than seventy findings of fact in this case which has dragged on for more than ten years. In C.E. Morris Company v.Foley Construction Company (1978) 54 Ohio St.2d 279, the Supreme Court directed us to defer to the findings of the trier of fact, and to sustain judgments which are supported by competent and credible evidence which goes to each of the essential elements of the case. We find there is sufficient evidence in the record to support the trial court's finding the parties' behavior with regard to the settlement agreement constituted a breach.
The fifth assignment of error is overruled.
 VI
In their sixth assignment of error, appellants urge the trial court should have created a constructive trust of the Coshocton County real estate. Appellants argue when Jeffrey Cottrell assigned his lease, with its option clause, to Nancy Cottrell, then the settlement agreement between Cottrell and her siblings should have been enforced and the property shared equally amongst the four. Appellant sought in the alternative either the constructive trust, or specific performance of the agreement.
Appellants argue they withdrew their will contest and their exception to the inventory in reliance on the settlement agreement. They incurred great expense to redeem the Knox County property after the bank foreclosed on it to pay Nancy and Duane Cottrell's debt. In return, they argue Nancy Cottrell acquired the Coshocton County option from her son in secret, and has now excluded her siblings from their share of the property.
Because the trial court found the parties breached the settlement agreement, and did not come to the court with "clean hands" in their claims Nancy Cottrell breached her duties to them, it follows the court could not enforce the settlement agreement to create a constructive trust on the exercise of the option. Further, Nancy Cottrell now stands in the shoes of her predecessor Jeffrey Cottrell, with regard to the option. Lucille Stuller's will forgave all her children their debts. Nancy Cottrell argues at this point, having engaged in lawsuits for approximately ten years over the property, appellants now wish to do what they had agreed long ago to do in the settlement agreement, that is, to sell the property and split the proceeds. The trial court found there was no reason in equity to do so, and we agree.
The sixth assignment of error is overruled.
 VII
In their seventh assignment of error, appellants challenge the trial court's conclusion they did not come to court with "clean hands" to seek equity. As we found supra, the trial court is the fact finder, and the record contains sufficient evidence, which, if believed by the trier of fact, supports the judgment.
The seventh assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
 ___________________ Gwin, P.J.
Wise, J., and Edwards, J., concur